UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-  Case No. 6:06-cr-15-Orl-18JGG

**TRAVIS FERRELL GRIFFIN**

___

## ORDER

THIS CAUSE comes before the Court upon Defendant Travis Ferrell Griffin's ("Defendant") Motion for New Trial Based Upon Newly Discovered Evidence (Doc. 77, filed January 29, 2007), to which the United States of America responded in opposition. (Doc. 82, filed February 2, 2007.) For the reasons stated herein, the Court denies Defendant's motion for new trial.

### I. BACKGROUND

Defendant was convicted by a jury of possession of ammunition by a prohibited person (convicted felon), in violation of 18 U.S.C. § 922(g)(1). At trial, Taqueash Harrison, Defendant's girlfriend and a passenger in the car at the time of Defendant's arrest, asserted her Fifth Amendment privilege against self-incrimination. On the eve of Defendant's sentencing hearing, and over three months after the conclusion of Defendant's trial, Defendant filed the present motion based upon a statement provided by Harrison, allegedly made on that same date. (See Doc. 77 at 1.) In the statement, Harrison claims that she had the loaded gun, which was the subject of the trial, in her possession and that Defendant had no knowledge of the gun.

## II. DISCUSSION

Federal Rule of Criminal Procedure 33 provides that a district court may grant a new trial on the basis of newly discovered evidence. Fed. R. Crim. P. 33(b)(1). A defendant will be successful on a motion for a new trial on the basis of newly discovered evidence if "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." United States v. Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (citation and internal quotation marks omitted). However, the "[f]ailure to meet any one of these elements will defeat a motion for a new trial." United States v. Starrett, 55 F.3d 1525, 1554 (11th Cir. 1995).

Defendant has failed to establish each of these elements. Harrison's statement is not dated and it is not sworn. Defendant has not offered any explanation of his efforts to discover Harrison's statement. While Harrison did not testify at trial (due to her refusal), that does not mean that her statement satisfies the criteria for newly discovered evidence. See United States v. Metz, 652 F.2d 478, 480 (5th Cir. 1981) (refusing to adopt the proposition that "'newly available' evidence is synonymous with 'newly discovered' evidence").[1] Moreover, prior to the trial, Defendant himself would have already known that the loaded gun did not belong to him and that he had been unaware that Harrison had a gun in her possession.

Even if Defendant established all the other elements, he would still not be entitled to a new trial because he has failed to establish that Harrison's statement is of "such a nature that a new trial

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

would probably produce a different result." There were several other witnesses who testified at trial, as well as a prior sworn, written statement by Harrison, that Defendant had given her the loaded gun, that was admitted into evidence. The Court finds that Harrison's most recent statement, which is undated, unsworn, and submitted to the Court on the eve of Defendant's sentencing hearing, is not credible. When weighed against the other evidence presented in this case, it is not probable that Harrison's new statement would produce a different result at trial.

Thus, Defendant has failed to establish all five of the elements required and a new trial on the basis of newly discovered evidence is not warranted.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for new trial is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida this ____ day of February, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Travis Ferrell Griffin